IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IDEAL DOOR COMPONENTS, INC., an Oregon Corporation, | ) ) ) CV-04-1760-ST |
| Plaintiff, | ) ) |
| v. | ) FINDINGS AND ) RECOMMENDATION ON ) MOTION TO DISMISS |
| COND'ORKEY CORPORATION, a Montana Corporation | ) ) ) |
| Defendant. | ) |

STEWART, Magistrate Judge:

## **INTRODUCTION**

This is a case of alleged patent infringement. On December 1, 2004, plaintiff, Ideal Door Components, Inc. ("Ideal Door"), filed a Complaint alleging that defendant, Cond'orKey Corp. ("Cond'orKey"), was manufacturing and marketing a product that infringed US Patent No. 5,159,782 ("'782 patent") entitled "Retainer for Pre-hung Door." Ideal Door is the exclusive

1 - FINDINGS AND RECOMMENDATION ON MOTION TO DISMISS

licensee of the '782 patent. On February 3, 2005, Cond'dorKey filed its Answer and Counterclaims (docket # 11).

On February 14, 2005, Ideal Door filed a Motion to Dismiss Defendant's Counterclaims Under FRCP 12(b)(6) (docket #12) directed at three of Cond'orKey's five counterclaims: (1) Interference with Business Relations (Count III); (2) Unfair Competition Under the Lanham Act (Count IV); and (3) Common Law Unfair Competition (Count V). In response, Cond'orKey filed an Amended Answer and Counterclaims which alleged the same counterclaims but with additional factual allegations. This court has allowed the filing of the Amended Answer and Counterclaims as a matter of right under FRCP 15(a) and construes Ideal Door's motion to dismiss as directed against the counterclaims alleged in the Amended Answer. For the reasons that follow, Counts III, IV, and V of the Counterclaims alleged in the Amended Answer should be dismissed without prejudice.

## STANDARDS

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Sprewell v. Golden State Warriors*, 266 F3d 979, 988 (9th Cir 2001), *opinion amended on denial of rehearing,* 275 F3d 1187 (2001). The court must accept as true all material, well-pleaded allegations in a complaint, as well as all reasonable inferences from those allegations. *Id.* Therefore, this court will not consider any matters submitted outside the pleadings by the parties.

## DISCUSSION

The three counterclaims at issue are premised on the notion that Ideal Door is liable for damages because it advised Cond'orKey's customers and potential customers of its claims of

2 - FINDINGS AND RECOMMENDATION ON MOTION TO DISMISS

patent infringement against Cond'orKey. Specifically, Cond'orKey alleges that "Ideal Door has publicized its claims of infringement of the '782 patent by Cond'orKey to customers and potential customers of Cond'orKey for the purposes of adversely affecting present and future contractual relations between Cond'orKey and its customers and potential customers," including Lumber Products Corp. Amended Answer and Counterclaims, ¶¶ 29-30. Further, Cond'orKey alleges that after receiving Ideal Door's September 30, 2004 letter alleging infringement of the '782 patent, it "provided Ideal Door with a substantive analysis of Cond'orKey's rational for non-infringement." *Id*, ¶ 31. However, "[d]espite repeated requests by Cond'orKey, Ideal Door has been unwilling to provide any detailed rationale for [its] continued claims of infringement." *Id*. As a result, "Ideal Door is without a reasonable belief that Cond'orKey's temporary door latches does [sic], in fact, infringe any claim of the '782 patent." *Id*, ¶ 33.

Based on these facts, Cond'orKey alleges that Ideal Door "has intentionally and improperly interfered with present and future contractual relations between Cond'orKey and its customers and potential customers." *Id*. The Lanham Act claim incorporates these same allegations and alleges further that Ideal Door made "false and misleading representations of fact which disparage the nature and the characteristics of the products . . . sold by Cond'orKey . . . ." *Id*, ¶ 36. Lastly, the common law unfair competition claim incorporates the preceding allegations and further alleges that Ideal Door "has engaged in unfair practices in trade or commerce and competed unfairly with Cond'orKey." *Id*, ¶ 40. Even when allowing for reasonable inferences, Cond'orKey has failed to plead facts that support any entitlement to relief under any of these three counterclaims.

It is well-established law that Ideal Door, or any other patent holder, has the right to "advise potential infringers of its belief that a particular product may infringe [its] patent." *Mikohn Gaming Corp., v. Acres Gaming*, 165 F3d 891, 897 (Fed Cir 1998) ("A patentee has the right to inform a potential infringer of the existence of the patent, whereby the recipient may adjust its activities, perhaps seek a license, or otherwise act to protect itself."). Indeed, communication of this sort serves an important purpose because customers who purchase an infringing product can, in some circumstances, can be deemed contributory infringers under federal patent law. *See Aro Mfg., Co. v. Convertible Top Replacement Co.*, 377 US 476, 488 (1964).

Patents are entitled to the presumption of validity and patentees enjoy a presumption that efforts to enforce their patents are in good faith. *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F2d 700, 709-10 (Fed Cir 1992). Communication to possible infringers concerning patent rights is not improper if the patent holder has a good faith belief in the accuracy of the communication. *Mikohn*, 165 F3d at 896 ("a patentee acting in good faith on its belief as to the nature and scope of its patent right, is fully permitted to press those rights even though he may misconceive what those rights are" (internal citation omitted)). To the contrary, a bad faith belief in the accuracy of the communication may support common law tort claims. *Id* at 897. "In general, a threshold showing of incorrectness or falsity, or disregard for either, is required to find bad faith in the communication of information about the existence of pendency of patent rights." *Id*. It is well established that commercial and competitive purposes for asserting patent rights are neither improper or indicative of bad faith. *Mallinckrodt*, 976 F2d at 709 ("we have no doubt that all these parties' motivations are commercial . . . .").

Here, the counterclaims pled in the Amended Answer do not allege a theory or factual basis from which would support the inference of bad faith. While the counterclaims include conclusory allegations that Ideal Door's conduct is "improper," "unfair," "false" and "misleading," they do not describe facts that will support the three counterclaims. The sole crux of the alleged impropriety is the fact that while failing to respond to Cond'orKey's letter setting forth its opinion that the '782 patent is invalid, Ideal Door proceeded to publicize its patent infringement claims to Cond'orKey's customers and potential customers. Yet Ideal Door has no legal duty to respond to a letter of this sort or to embrace Cond'orKey's opinion. *DCI Marketing, Inc., v. Justrite Mfg. Co.,* 213 F Supp 2d 971, 974 (ED Wis 2002). The '782 patent enjoys the presumption of validity until it is adjudicated otherwise. Ideal Door has the right to notify potential infringers of its patent rights, even if it misconceives what those rights are. Although the exact message conveyed by Ideal Door to Cond'orKey's customers is unknown, Cond'orKey does not allege that Ideal Door knowingly communicated any factual inaccuracies or anything other than their good faith belief in the validity of the '782 patent.

Had Cond'orKey alleged particular facts supporting the gravamen of wrongfulness required for these claims, the court would be obliged to deny this motion. For example, in *Magnetic Engineering & Mfg. Co. v.. Dings Mfg. Co.,* 178 F2d 866, 868 (2nd Cir 1950), the patentee lacked a good faith belief in validity of its patent where the alleged infringer presented an affidavit from patentee's chief engineer stating that the company knew before it applied for the patent that any patent issued would "not be any good," but might have value from "a business trading viewpoint." Similarly, a patentee would act in bad faith if it knew that its patents had expired. The conduct alleged here, namely that Ideal Door persists in its view that

the '782 patent is valid despite Cond'orKey's opinion to the contrary, simply does not rise to that level. *See Galbreath v. Burlington Coat Factory Warehouse of Arundel, Inc.,* 2003 WL 22955704 (D Md Dec. 2, 2003) (motion to dismiss granted against counterclaims by alleged patent infringer for failure to allege specific facts supporting the inference of bad faith); *see also DCI Marketing,* 213 F Supp 2d at 975 (dismissing alleged patent infringer's state-law tort and Lanham Act counterclaims where letters sent to the competitor's customers did not support the inference of bad faith).

## **RECOMMENDATION**

Ideal Door's Motion to Dismiss Defendant's Counterclaims Under FRCP 12(b)(6) (docket #12) should be granted without prejudice and with leave to replead if a factual basis sufficient to support these claims emerges from discovery or other investigation.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due **May 23, 2005.** If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 4th day May, 2005.

      /s/ Janice M. Stewart
     Janice M. Stewart
     United States Magistrate Judge